BRYAN SCHRODER
Acting United States Attorney

JONAS M. WALKER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: jonas.walker@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No. 3:17-cr-00072-SLG |
|---|---|
| Plaintiff, | ) |
| vs. | ) SENTENCING MEMORANDUM |
| JAY DEALTON UNGURUK LEAVITT, | ) |
| Defendant. | ) |

COMES NOW the United States, by and through undersigned Assistant United States Attorney, and files this sentencing memorandum for the sentencing scheduled for November 27, 2017 at 10:00 a.m.

//

//

//

**I.      REQUESTED SENTENCE**

**Incarceration** ……..…………………...………………….…480 months

**Supervised Release**………………………………………………Lifetime

**Special Assessment**……………………………………………$100.00

**II.     UNITED STATES SENTENCING GUIDELINES FACTORS**

The Presentence Investigation Report ("PSR," Dkt. 22) correctly calculates a total offense level of 43, and a criminal history category of III. The United States Sentencing Guideline sentence for offenses at offense level 43, and criminal history category III, is incarceration for Life. However, the PSR also correctly identifies a 15-year minimum, and a 40-year maximum, period of imprisonment under 18 U.S.C. § 2252(b)(1).

Therefore, the PSR correctly identifies the applicable Guideline sentence as being 480 months. PSR at para. 75, citing U.S.S.G. § 5G1.1(a).

**III.    FACTORS ENUMERATED BY CONGRESS**

In addition to calculating the defendant's advisory sentencing range under the Guidelines, the Court must also consider the factors and purposes enumerated in 18 U.S.C. § 3553(a). Those factors indicate that the sentence recommended by the United States is "sufficient, but not greater than necessary," to achieve these goals. *Id.*

    A.    <u>18 U.S.C. § 3553(a)(1): Offense and offender</u>

        1.    Nature of the offense

The defendant knowingly distributed 55 still images, and eight video clips, of child pornography using Twitter and Gmail. At the time of this offense, the defendant was on

state probation supervision regarding his prior conviction for Attempted Sexual Abuse of a Minor in the Second Degree. PSR at paragraphs 42 and 94.

### 2. Characteristics of the offender

The defendant was able to commit this new offense in part because he actively, and successfully, deceived a maintenance polygraph examination. PSR at paragraph 18. Law enforcement have twice arrested the defendant for new crimes he committed while on probation supervision. Id. at paragraph 95. The defendant has never successfully completed sex offender treatment. Id.

### B. 18 U.S.C. § 3553(a)(2): Needs of the sentence

Congress has directed the courts to consider the need for the sentence imposed to meet the various goals of the criminal justice system to punish, deter, and rehabilitate offenders in a consistent manner.

### 1. 18 U.S.C. § 3553(a)(2)(A)

#### a) *Seriousness of the Offense*

The defendant began accessing and distributing child pornography promptly after being released from custody for his prior hands-on offense. This is a very serious offense.

#### b) *Respect for the Law*

A sentence within the Guidelines will promote respect for the law.

#### c) *Just Punishment*

A sentence within the Guidelines will constitute a just punishment.

2. 18 U.S.C. § 3553(a)(2)(B)

   a) *Specific Deterrence*

Given the defendant's disturbing re-offending while on state probation supervision, deterrence is an important goal of this sentencing.

   b) *General Deterrence*

A sentence within the Guideline range will provide for general deterrence.

3. 18 U.S.C. § 3553(a)(2)(C)

The government's proposed sentence will protect the public from the defendant for the period of incarceration.

4. 18 U.S.C. § 3553(a)(2)(D)

The court should also consider whether it is necessary to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. The Government concurs with the PSR that the defendant should be assigned to a B.O.P. facility that will enable treatment. However, as explained below, the defendant's purported willingness to participate in treatment does not justify a significant downward departure from the Guidelines.

C. <u>18 U.S.C. § 3553(a)(3): Kinds of sentences available</u>

Contrary to the PSR, the government urges the Court to not depart downward from Guidelines. The PSR recommends a sentence of 360 months, a full 120 months below the Guideline sentence. From the government's perspective, the PSR's analysis of the 18 U.S.C. § 3553(a) factors fail to justify the PSR's proposed downward departure. *See* PSR,

pages 1-3 (identifying three aggravating factors regarding the first sentencing factor, and only one mitigating factor; *i.e*., the defendant's purported willingness to participate in treatment).

The defendant has already failed sex offender treatment by actively deceiving a maintenance polygraph. The fact that the defendant now claims to be willing to participate in sex offender treatment does not warrant a 10-year departure below the Guideline sentence.

### D. 18 U.S.C. § 3553(a)(4): U.S.S.G. range

As discussed in II, above, the government's proposed sentence is within the Guideline range.

### E. 18 U.S.C. § 3553(a)(5): Policy statements

The Court should consider any relevant policy statements by the Sentencing Commission.

### F. 18 U.S.C. § 3553(a)(6): Avoiding unwarranted disparities

In fashioning a sentence in this case, the Court must also strive to avoid unwarranted disparities in sentences handed down in similar cases.

### G. 18 U.S.C. § 3553(a)(7): Restitution

The Court should order restitution consistent with the plea agreement (Docket 17 at page 7) and the PSR (Docket 22 at paragraph 87).

## IV. CONCLUSION

Consistently with the Plea Agreement, the government will move to dismiss the

remaining substantive count of the Indictment.

RESPECTFULLY SUBMITTED this 20th day of November 2017, in Anchorage, Alaska.

BRYAN SCHRODER
Acting United States Attorney

s/ Jonas M. Walker
JONAS M. WALKER
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2017,
a true and correct copy of the foregoing
was served electronically on the following:

Gary Colbath

s/ Jonas M. Walker
Office of the U.S. Attorney

U.S. v. Leavitt
3:17-cr-00072-SLG                Page **6** of **6**

Case 3:17-cr-00072-SLG   Document 24   Filed 11/20/17   Page 6 of 6